BALES, Vice Chief Justice,
Concurring.
¶ 38 Applying independent review, the Court concludes that Grell has established by a preponderance of the evidence that he has mental retardation, supra ¶ 35, and therefore he cannot be sentenced to death. Id. at ¶ 36. Because the federal constitution does not *161 allow states to execute defendants who prove by a preponderance that they have mental retardation, see Grell II, 212 Ariz. at 530, ¶ 70, 135 P.3d at 710 (2006) (Bales, J., concurring in part and dissenting in part), I concur in the Court’s opinion sentencing Grell to natural life in prison.
¶ 39 Two other issues merit brief comment. Arizona statutes contemplate that the trial court will determine pretrial whether a defendant has mental retardation (now “intellectual disability”). See A.R.S. § 13-753. Here, the trial court ruled in 2005, based on evidence presented in 2001, that Grell had not shown mental retardation. At the end of the penalty phase in 2009, the trial court denied Grell’s motion to enter a judgment finding that he has mental retardation, reasoning that it had no procedural means to revisit the issue it had decided in 2005. But as the Court notes, supra ¶ 26, “extensive additional evidence” on the retardation issue was presented at the 2009 trial. Such evidence could have provided good cause for the trial court to reconsider its pretrial determination. See Ariz. R.Crim. P. 16.1(d) (impliedly permitting courts to reconsider pretrial determinations upon finding of good cause).
¶ 40 Our independent review in this case makes it unnecessary to address some potentially difficult issues in applying A.R.S. § 13-753 to murders occurring after August 1, 2002. The statute contemplates that the trial court will apply a clear and convincing standard of proof to the pretrial screening determination on mental retardation. A.R.S. § 13-753(G). If the trial court concludes that the defendant has not met this burden, the defendant may present evidence of mental retardation during the penalty phase. Id. § 13-753(F).
¶ 41 Section 13-753, originally enacted before the United States Supreme Court decided Atkins, does not by its terms require either the trial court or the jury to consider if a defendant has shown, by a preponderance of the evidence, that he has mental retardation as a bar to execution. Yet the Court’s decision today recognizes that a finding of mental retardation by a preponderance precludes a death sentence. See supra ¶¶ 35, 36. In cases not subject to independent review (i.e., those involving murders committed after August 1, 2002), courts will need to address how to assure that a fact finder (whether the trial court or the jury) considers whether a defendant has proved mental retardation by a preponderance standard. These issues might, of course, also be subject to legislative action, as Atkins affords states flexibility in identifying procedures to implement the Constitution’s proscription on executing defendants who have mental retardation. See 536 U.S. at 351, 122 S.Ct. 2242; Commonwealth v. Sanchez, 36 A.3d 24, 60-61 (Pa.2011) (discussing different approaches states have taken to determination of mental retardation).